UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LASSALLE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MCNEILUS TRUCK & MANUFACTURING, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-00766-WHO<br><br>**ORDER GRANTING MOTION FOR A DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 45 |

## INTRODUCTION

This is a products liability action alleging claims for negligence, strict liability, and failure to warn. Plaintiffs contend that the vehicle manufactured by defendants allegedly caused the death of Anthony Lassalle. Plaintiffs settled with one of the defendants, Autocar, for $15,000. Autocar has filed a motion seeking a determination that the settlement was made in good faith. Since the settlement meets the required factors, I GRANT Autocar's motion.

## BACKGROUND

Anthony Lassalle ("Decedent") was an employee of Waste Management, Inc. ("WM"), where he used a rear end loader truck owned by WM to collect bulk residential curbside waste. Complaint ("Compl.") ¶ 10. While collecting waste on September 17, 2013, Decedent was allegedly exposed to poison and toxins when he activated the hopper blade of the truck. Compl. ¶ 11; Declaration of Daniel P. Schrader ("Schrader Decl.") at ¶ 5; Defendant's Motion for Good Faith Settlement ("Mot.") 2. The blade allegedly crushed some boxes and cans causing toxic material to spray and strike Decedent's face. Compl. ¶ 11; Mot. 2. Decedent was taken to a hospital, but died the following day. Compl. ¶ 12. The medical reports state that Decedent had multiple seizures onsite and in route to the hospital. Mot. 2. The certificate of death lists the

cause of death as "Brain Death, Large Left Middle Anterior Cerebral Artery Stroke and Hypercoagulable Disorder." Mot. 2.

On September 16, 2015, Jennifer Lassalle, Emily Anne Lassalle, Madeline Elizabeth Lassalle (minor) and Grace Caroline Lassalle (minor) by and through their Guardian *ad Litem* ("plaintiffs") brought a products liability action alleging negligence, strict liability, failure to warn(strict liability/negligence) against McNeilus Truck and Manufacturing, Inc. ("McNeilus") and Autocar, LLC ("Autocar"). Compl. ¶ 1. Plaintiffs contend that unnecessary exposure to toxins, poisons, and chemicals caused Decedent's death due to the defendants' fault in designing and/or manufacturing the WM truck and failure to warn. Compl. ¶ 12. According to Autocar, plaintiffs have made a total demand to all defendants of $3,850,000.00. Mot. 6.[1]

Autocar manufactured the "chassis" of the WM truck, which included the "cab/passenger compartment, tires, wheels, steering system, suspension, and breaking system." Schrader Decl. at ¶ 5. Autocar sold those individual parts to McNeilus, and McNeilus used those parts as well as parts McNeilus manufactured – including the "hopper system, packer panel and hopper blade" – to create and install the truck body and finish the truck. *Id*.

Autocar alleges that it was not involved in installing the "finished components that make the Waste Management truck operational or functional from a waste processing standpoint." Schrader Decl. ¶ 5. Relatedly, Autocar contends that it did not install or manufacture safety systems for the hopper blade. *Id*. Lastly, Autocar claims that there is no evidence that any of the parts it manufactured "contributed or caused the crushing of the contents of the hopper" that led to the chemical exposure and death of Decedent. *Id*.

After mediation and arms-length negotiations, plaintiffs agreed to settle with Autocar. Schrader Decl. ¶¶ 6, 7. The settlement includes a mutual wavier of fees and costs and a dismissal/release of all claims with respect to Autocar, in return for $15,000. Schrader Decl. ¶ 5. Mot. 4. The settlement is contingent on: (i) the parties executing the settlement; (ii) a mutual release; (iii) and a good faith determination by the court. Schrader Decl. ¶ 6. Autocar does not

---

[1] WM, the Decedent's employer, paid plaintiffs $350,000 through its workers compensation carrier. Mot. 6. WM is not a defendant in this action.

1  admit any liability, but agrees to the settlement in order to "conserve costs and resolve this case in
2  a timely manner." Schrader Decl. ¶ 8.

## LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Code of Civ. Pro. § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final. *Id*. § 877.6. The section provides that, "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id*. § 877.6(c).

A settlement is made in good faith if it is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. *Tech–Bilt Inc. v. Woodward–Clyde & Assoc.*, 38 Cal.3d 488, 499 (1985). When making a determination that a settlement was made in good faith under section 877.6(a)(1), "the intent and policies underlying section 877.6 require that a number of factors be taken into account": (i) a rough approximation of the plaintiff's total recovery and the settlor's proportional liability in view of the settlement amount; (ii) the allocation of settlement proceeds among plaintiffs; (iii) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (iv) the financial conditions and insurance policy limits of the settling tortfeasor; and (v) the existence of collusion, fraud or tortious conduct intended to injure the interests of the non-settling parties. *Tech-Bilt, Inc.* 38 Cal. 3d at 499.

"Practical considerations" require that the evaluation "be made on the basis of the information available at the time of settlement[,] and a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling

1  defendant's liability to be." *Id*. (citation omitted). The Court should approve even a contested
2  settlement, unless there is a showing "that the settlement is so far out of the ballpark in relation to
3  these factors to be inconsistent with the equitable objectives of the statute." *Id*. at 499-500.
4        The burden of proving that a settlement between the parties was not made in good faith is on
5  the non-settling tortfeasor. Cal. Civ. Proc. Code § 877.6(d). To successfully oppose a motion for good
6  faith settlement, the opposing party "must demonstrate . . . that the settlement is so far 'out of the
7  ballpark' in relation to these factors as to be inconsistent with the equitable objectives of the statute."
8  *Tech–Bilt*, 38 Cal.3d at 499-500.

## DISCUSSION

10        Here, the motion for good faith settlement is unopposed. After applying the *Tech-Bilt*
11  factors, I find that the settlement is in good faith.
12        The first factor requires the settlor pay an amount proportional to liability. *Tech-Bilt*, 38
13  Cal. 3d at 499. The settlement amount must be "within the reasonable range of the settling
14  tortfeasor's proportional share of comparative liability for plaintiff's injuries." *Id.*
15        Autocar argues that it is not responsible for Decedent's death since Autocar did not install or
16  manufacture any of the finished components of the truck that led to the alleged fatal toxic exposure.
17  Schrader Decl. ¶ 5. Furthermore, Autocar was not involved in the manufacturing or installation of
18  safety systems for the hopper blade, the component that allegedly caused the accident resulting in
19  Decedent's death. Schrader Decl. ¶ 5. Therefore, the settlement agreement is proportionally
20  reasonable, since there is little evidence that Autocar is liable. *See Tech-Bilt*, 38 Cal. 3d 499.
21        In *Wysong & Miles Co. v. Western Industrial Movers*, the California Court of Appeal
22  found good faith in a settlement of $65,000, even though the plaintiffs originally claimed
23  $7,000,0000 in damages. *Id*. at 283. The Court of Appeal found the settlement appropriate,
24  despite the disproportionality, due to a lack of evidence showing that the settling-defendant was
25  culpable. *Id*. at 290. The same is true here for Autocar.
26        In *O'Neil v. Crane Co,.* 53 Cal. 4th 335 (2012), the Supreme Court of California held that
27  manufacturers of a non-defective product do not owe a duty for injuries resulting from a defective
28  component manufactured by another party. *Id*. at 365-66. To find liability, a manufacturer must

have "contributed substantially" to the harm alleged. *Id*. at 342. Plaintiffs have not alleged that any of the parts manufactured by Autocar were defective or caused Decedent's death. Mot. 7. In addition, the non-settling defendant has not opposed the settlement agreement. Therefore, the settlement amount of $15,000 is reasonably proportionate and meets the first factor of the good faith analysis.

The second factor considers the allocation of settlement proceeds among plaintiffs. *Id*. The settlement agreement here is fair since the proceeds will be allocated equally among the plaintiffs, pending approval of the Petition for Minor's Comprise. Mot. 9.

Given the essentially agreed-to conclusion that Autocar has little if any liability at stake, the third and fourth factors (settlements will be less than if liable at trial and consideration of the settling-defendant's financial condition and insurance coverage) are not at issue. *See Tech-Bilt*, 38 Cal. 3d at 499. Finally, there is no evidence of "collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants." *Id*. Autocar and plaintiffs mediated and came to this settlement after arms-length negotiations and without any "collusive or secretive terms." Schrader Decl. ¶¶ 6-7.

Since the *Tech-Bilt* factors are met and the non-settling defendant does not oppose, I find that the settlement is in good faith. According to California Code of Civil Procedure section 877, Autocar is protected from "all liability for any contribution to any other tortfeasor" and barred from any possible comparative negligence or fault. Cal. Civ. Pro. Code §§ 877, 877.6(c).

## CONCLUSION

Autocar's motion for good faith determination is GRANTED.

1. The settlement between Autocar and plaintiffs in the amount of Fifteen Thousand Dollars ($15,000.00) is made in good faith pursuant to California Code of Civil Procedure section 877.6.

2. The complaint filed by plaintiffs is dismissed, with prejudice, as to AUTOCAR.

3. Any and all other cross-complaints sounding in comparative negligence or comparative fault filed or deemed to have been filed in this action are dismissed with prejudice as to Autocar.

4. The settlement bars any pending or future claims by alleged joint tortfeasors or co-obligors against Autocar arising from the subject of the above-captioned litigation and dismisses all present and future complaints, cross-complaints and/or claims for total or partial equitable indemnity or contribution against Autocar arising from the subject litigation.

**IT IS SO ORDERED.**

Dated: March 10, 2017

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
William H. Orrick
United States District Judge